## UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER GRANTING MOTION TO** |
| Plaintiff, | ) | **RELEASE FUNDS FROM INMATE** |
| | ) | **TRUST ACCOUNT** |
| vs. | ) | |
| | ) | |
| Clifford Lane See Walker, | ) | Case No. 1:11-cr-090 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Government's motion seeking an order authorizing the Bureau of Prisons ("BOP") to release funds in the Defendant's inmate trust account filed on July 16, 2021. See Doc. No. 121. The Defendant did not respond to the motion.

On August 13, 2012, the Defendant was sentenced to time served for burglary. See Doc. No. 42. The Court also imposed a special assessment in the amount of $100.00 and restitution in the amount of $3,372.87. To date, the Defendant has paid $50 toward his criminal monetary penalties and has an outstanding balance due of $3,422.87. The Defendant remains in federal custody at the Tucson USP related to a separate federal conviction. According to the Government, the Defendant maintains approximately $1,259.39 in his inmate trust account. The Government suggests the Defendant be allowed to retain $75 in his inmate trust account to make telephone calls.

After a careful review of the record, the Court agrees with the Government that it possesses a valid lien over the funds in the Defendant's inmate trust account pursuant to 18 U.S.C. §§ 3613(a) and 3664(n). The Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A, et seq., requires that resources received by a defendant from any source during his term of incarceration be applied to his outstanding restitution obligation. Specifically, 18 U.S.C. § 3664(n) provides that "[i]f a person

1

obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). Funds in inmate trust accounts do not qualify for exemption from payment of restitution under 18 U.S.C. § 3613(a)(1). See United States v. Rand, 924 F.3d 140, 144 (5th Cir. 2019) (finding that funds deposited into an inmate's trust account were not among the list of exemptions available to a criminal defendant under § 3613(a)(1)); see also United States v. Brown, No. 4:17-CR-51, 2021 WL 1945855, at *2 (E.D. Mo. May 14, 2021) (holding the receipt of the stimulus checks constitutes a material change of economic circumstances affecting the ability to pay restitution and ordering payment from an inmate trust account).

Accordingly, the Court **GRANTS** the motion (Doc. No. 121) and **ORDERS** the Bureau of Prisons to turn over $1,184.00 from the Defendant's inmate trust account to the Clerk of Court for application toward the criminal monetary penalties imposed in this case. The Defendant shall retain the balance of his inmate trust account.

**IT IS SO ORDERED.**

Dated this 2nd day of September, 2021.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court